UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

BELEN WONDWOSSEN,

Plaintiff,

vs.

The CITY OF NEW YORK, CHELSEA SAQUICILI, CHRYSTIAN DELAPENA, JOHN DOES, in their individual and official capacities,

Defendants.
-------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

**25 cv 1746 (NRM) (JAM)**

**ECF Case**

**JURY TRIAL DEMANDED**

Plaintiff Belen Wondwossen, by her attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This action arises from various civil rights violations against Belen Wondwossen ("Plaintiff" or "Wondwossen") by New York City police officers. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for excessive force, violation of substantive due process, failure to intervene, and a *Monell* claim against the City of New York for the same constitutional violations. Additionally, Plaintiff asserts analogous claims under New York City Law against the individual defendants, and against the City of New York under the doctrine of *respondeat superior*. Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state, municipal, and federal civil rights law.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all non-federal claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury on each and every one of her claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. The individually named defendants are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

7. On the date of the incident giving rise to this complaint, the individual defendants were assigned to the NYPD 76th Precinct in Brooklyn.

8. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law,

in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

9. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## STATEMENT OF FACTS

10. During the afternoon of June 27, 2022, Plaintiff was assaulted in her apartment in Brooklyn, New York (395 Smith Street), prompting her to call the police.

11. In response to her report, several police officers from the NYPD 76th Precinct, along with Emergency Medical Technicians (EMTs), went to her apartment building, where they found Plaintiff in need of medical attention.

12. After being examined, Plaintiff was transported in an ambulance to New York-Presbyterian Brooklyn Methodist Hospital in Brooklyn (506 6th Street in Park Slope) so that she could receive the medical care she needed.

13. Around 5 pm, officers from the 76th Precinct – the John Doe Defendants – handcuffed Plaintiff's arm to the hospital bed because they ran her name in their database (the Domain Awareness System ["DAS"]) and discovered the existence of a bench warrant in connection with a petit larceny prosecution in New York County Criminal Court stemming from a May 20, 2014 arrest (Docket Number 2014NY045759 / CR-045759-14NY).

14. At no point in the hospital did Plaintiff ever pose a threat or safety risk; she was never disorderly, violent, or dangerous. Nor did DAS show her to have any history of violence or disruptive behavior.

15. On the morning of the following day (June 28, 2022), Defendant Officers Saquicili, Delapena, and John Does transported Plaintiff – who was weak and faint – out of the hospital in handcuffs and *leg shackles*.

16. The defendant officers imposed leg shackles because such restraints are presumptively required according to NYPD Patrol Guide Procedures 210-01 (effective 9/10/2018) and 210-04 (effective 10/1/2018) ("Leg Restraints MUST be used…for ALL prisoners being transported to a hospital for medical treatment." [emphasis in original]). Only if there are "extenuating circumstances" should leg restraints not be imposed.

17. Being transported through, and out of, the hospital in leg restraints, Plaintiff suffered physical and emotional distress, humiliation, and degradation.

18. The leg restraints were removed only after Plaintiff was taken to, then detained in, holding cells inside the NYPD 76th Precinct.

19. Plaintiff was subsequently taken to New York County Criminal Court (100 Centre Street, Part C), where the bench warrant was vacated, and Plaintiff resolved her petit larceny prosecution by accepting an Adjournment in Contemplation of Dismissal (ACD).

**DELIBERATE ACTS UNDER COLOR OF STATE LAW**

20. All of the aforementioned acts of the individual defendants, their agents, servants and employees, were carried out under the color of state law in the course and scope of their duties.

21. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments of the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

22. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments of the United States Constitution.

**DAMAGES**

23. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

a. Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution;

b. Loss of liberty;

c. Severe emotional trauma, distress, degradation, and suffering.

**SECTION 1983 CLAIMS**

**FIRST CLAIM**

**Excessive Force Under Section 1983**

24. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

25. By the actions described, the individual defendants deprived Plaintiff of her Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically her right to be free from excessive and unreasonable force.

26. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Substantive Due Process Under Section 1983

27. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

28. By the actions deprived above, the individual defendants deprived Plaintiff of her Fourteenth Amendment right to substantive due process when she was unjustifiably leg-shackled – conduct so outrageous that it may fairly be said to shock the contemporary conscience.

29. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Failure to Intervene Under Section 1983

30. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

31. Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of her constitutional rights by other law enforcement officers.

32. The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of her constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

33. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

**FOURTH CLAIM**

**Municipal Liability Under Section 1983**

34. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

35. By the actions described, the Defendant City deprived Plaintiff of her Constitutional rights through a policy and practice of imposing leg restraints on arrestees in hospital settings.

36. As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the damages and injuries hereinbefore alleged.

**PENDENT MUNICIPAL CLAIMS**

**FIRST CLAIM**

**Right of Security Against Unreasonable Search and Seizure and Excessive Force Under New York City Administrative Code**

37. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

38. As detailed above, the individual defendants intentionally violated Plaintiff's right to be secure against unreasonable searches and seizures, and against excessive force, in violation of New York City Administrative Code Title 8, Chapter 8: The Right of Security Against Unreasonable Search and Seizure and Against Excessive Force Regardless of Whether Such Force Is Used In Connection with a Search or Seizure. § 8-803 Civil action for deprivation of rights.

39. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

## **SECOND CLAIM**

### ***Respondeat Superior***

40. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

41. Defendant City is the employer of the individual defendants.

42. Under the doctrine of *respondeat superior*, the Defendant City is responsible for the wrongdoing of its employees acting within the scope of their employment.

43. As a direct and proximate result of the acts of the individual defendants detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

a. An order awarding compensatory damages for Plaintiff Belen Wondwossen in an amount to be determined at trial;

b. An order awarding punitive damages in an amount to be determined at trial;

c. A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney’s fees, costs and disbursements; and

d. Such other and further relief as this Court may deem appropriate.

DATED: June 26, 2025
New York, New York

CYRUS JOUBIN, ESQ.
43 West 43rd Street, Suite 119
New York, NY 10036
(703) 851-2467
joubinlaw@gmail.com
Attorney for Belen Wondwossen